Your Honors, this case will be adopted Tuesday at 14 F 1117, Arch Bay Holdings LLC, Series 2010B, Plaintiff Appellee, v. Isaias Perez, Marty Romero de Perez, Maury's Electronic Systems, Inc. et al. Defendants' Appellants. Arguing on behalf of the Defendants' Appellants, Attorney Ms. Carla Shereves. Arguing on behalf of the Plaintiff's Appellee, Attorney Mr. Eleazar Nicolero. Good morning. Ms. Shereves, are you ready? Yes. Thank you. Good morning, Justices, Opposing Counsel. May it please the Court. Carla Shereves on behalf of the Defendant Appellant, Marty Romero de Perez. The issue before the Court this morning is whether the Circuit Court acquired jurisdiction over the Defendant in the underlying foreclosure case where the Defendant's name did not appear on the face of the summons. Some of the facts, I mean, most of the facts are probably not in dispute, correct? Sure, Your Honor. I mean, no one disputes the fact that she was not named in the summons itself. But she was served with a complaint. She was named in an attachment, correct? Yes, Your Honor. So I suppose the issue becomes is whether or not that's sufficient, or do we simply say she was not in the face of the summons, ergo nothing else matters? Right. So in your position is nothing else matters? Yes, Your Honor. Why do they think you're going to say that? First of all, the summons, the second page that appears in the record, it has, at the top it says, please serve the following defendants at the following addresses. And it goes on to list the defendants at the addresses to be served. That is not a part of the summons. We don't even know if the defendant was given that piece of paper. If you go to DuPage County Circuit Court, that page does not appear with the summons. That is prepared by the plaintiff's attorney. It is directed to the process server to serve the persons who are named. So the rules specifically provide, Rule 101A-D and Rule 131C specifically provide that each defendant must be named on the face of the summons. And there are numerous cases that support the position that a summons which does not name the defendant is not a summons at all as to that defendant. And hence, there was no lawsuit that was legally commenced against the defendant because the defendant was not named on the face of the summons. Well, couldn't it be an argument that that could be the equivalent of exalting form over substance when you have a situation where this is a foreclosure case. As I understand it, the husband is served, her name's on the other documents. She doesn't really allege she was misled. So can't the argument be made that in the totality of all the circumstances here, clearly she knew she was a party to the lawsuit and had other information to tell her that? So does that seem unfair to just rely on the missing information from the face of the summons if she has all this other information clearly indicating to her that she's a party to this case? Okay. First, Your Honor, as this court has held specifically in West Suburban Bank versus Advantage Financial Partners, that defects in the service of process are not technical. They are not insubstantial. So the fact that the defendant was in fact served does not obviate the need for the plaintiff to have properly named the defendant on the face of the summons. Even when the defendant knows they're a party to the case, you're saying? Yes. And our Supreme Court, I believe in State Bank of Lake Zurich versus Steele and Sarcassian versus Chicago Board of Education, that the fact that a defendant is aware of the pending lawsuit in and of itself does not validate the fact that the defendant was not properly served, that the defendant did not afford the court to properly acquire jurisdiction over the defendant. First and foremost, the defendant must be properly brought into court. Right. But what about the language in D which talks about, in all other cases, the summons shall require, and then it says, and shall be in substantially the following form? It doesn't say exactly the following form. It says substantially. So couldn't it be read that if the defendant is named in the complaint and in the summons we have the name of the first defendant and then et al. First, Your Honor, I believe that it says, when it says that the summons shall substantially be in the following form, and then there have been courts that have interpreted where, for example, there is a transfer case and the summons that is used may be from another, may be a forcible enter and detainer action lawsuit. In those cases, it has found that the fact that you use the incorrect form does not invalidate the service of process. But I believe, though, that the case law and the other rules that says that the defendant must be named, because Rule 101D even says where it has the form, it says where it has defendant, it says name in all defendants. So I think that the fact that that is specifically written in the form that is provided under the rule, that I don't believe that the saying that it should be substantially in that form can be overcome. Well, you're saying substantially means something else, then? I mean, so... Your Honor, as it pertains to naming the defendants, I think that when it comes to naming each defendant, because we have other specific instructions that says you have to name each defendant, it specifically says that there... And that authority is what? That is under Rule 101D, says where it has the form of the summons, and it specifically says naming all defendants. But that is still in the same section of the rule, D, as this other language, the substantially. So... Your Honor, there are other... Rule 131C also provides further support for that, where it says that it's sufficient in entitling documents except a summons to name the first named plaintiff and the first named defendant with the usual indication of other parties. So I think Rule 131C is further support of the fact that it is mandatory that each defendant is named on the face of the summons. And in Central States Trucking Company v. State Department of Employment Security, that court had occasion to interpret that also. And that court held that the requirement under Rule 101D that each defendant must be named in the caption of the summons is mandatory. So I believe that taking Rule 101D, Rule 101, Rule 131C, and the case law that have interpreted those, I believe that that is mandatory, that you name each defendant. Without exceptions? Yes, Your Honor. At all is sort of a term of art or a phrase of art. And I can understand if it says, I guess it's Isaiah Perez, at all, and they served me as opposed to your client. That would be a problem because I am not in any way a party here. But she was named on the actual complaint. And that complaint is what states the issue that she needs to address. So why isn't it substantial compliance that she was notified of what was going on and knew that she had certain obligations? Okay. And again, Your Honor, there are cases that are somewhat similar where the defendant was not named on the face of the summons, but the defendant was named on the complaint. And one such case is Theodore Raskin, I'm sure the name, versus Kogut. And in that case, the trust was named. The correct trust number was on the complaint, but the trust was there. There was an incorrect number, trust number on the summons. And in that case, the trust was served. And in that case, the court did hold that the fact that the defendant was properly named in the caption of the complaint did not cure the actual defect that was on the face of the summons. Well, there was, in fact, a mistake on the summons. Here, we don't have a mistake. We just don't have a name. Right. Isn't that different? Which means that our case is worse, I mean, in terms of that the defendant was not named at all. At least in that case, they had the trust number incorrect, even though the correct trust number was on the face of the complaint.  But going back to something Justice Hutchinson just talked about, it's the at all means and others. And why should we not use the complaint as the reference point for the others? In other words, why shouldn't we be able to take that phrase, which has a particular meaning, and get that meaning from a document that is the complaint in this case that did name the defendant? Well, and again, Your Honor, I believe that the case law surrounding this is clear that the complaint and the summons, that does not support the position that the complaint and the summons should be read together. The summons, and if that were the case, then there would be no need to issue a summons. The summons is separate and apart from the complaint. And there are specific rules that dictate how a summons should be issued, how it should be served. And those rules specifically provide, which are supported by case law, that each defendant must be named in the caption of the summons. So whether or not the defendant is properly named on the face of the complaint does not cure the defect that appears on the face of the summons. A lot of these cases that you're talking about are a little older. I mean, they're not, some of them aren't even up into the 2000s. They're in the 1990s, maybe a little older than that. Has there been any change in the Supreme Court's position during this period of time that you have found concerning what substantial compliance is? Not in terms of with the service of summons and with the issues that we have before us at this very point. I don't, I'm not seeing any case law from the Supreme Court which would indicate that a plaintiff is not required to specifically comply with the rules of the court, which dictate that a defendant must be specifically named on the face of a summons. I do not know of any such case, Your Honor. If you have something else you want to address us with, or if you want to give us a conclusion. Just going over a few points, Your Honor, I think I did say it before. But as I said in the State Bank of Lake Zero versus Spill, where the court says that any judgment rendered without service of process in the manner directed by a statute is void, regardless of whether the defendant had actual knowledge of the proceedings. And I do want to address another issue that was raised by the plaintiff, I believe, in his response brief. And that is where the plaintiff cited section 2606, which provides that in a pleading, any instrument may be attached to the pleading as an exhibit, and exhibit constitute a part of a pleading for all purposes. Plaintiff argues that the same logic should apply to summonses, as in this case, the service list that was attached. I don't even want to use the word attached because I don't know if it was actually attached to the summons itself. But plaintiff's argument is that it should be treated as part of the summons. A similar argument was raised by the plaintiff in Central States Trucking versus State Department of Employment Security. The plaintiff in that case argued that although the word director was not in the caption of the complaint, the director was incorporated by reference by virtue of two exhibits which were attached to the complaint naming the director. The appellate court rejected the plaintiff's argument and held that, quote, we do not agree that parties can be incorporated by reference by attaching exhibits to a complaint. This conclusion is unsupported by case law. Moreover, this argument ignores the clear and unambiguous language of the act, which requires that all persons other than the plaintiff who are parties of record to the proceedings before the administrative agency shall be made defendants. And I believe that the same result is warranted here where the plaintiff is not making the argument regarding the complaint but as to the summons itself, that the page following the summons, as it appears in the record, should be treated as or incorporated as part of the summons. And it's our position that that is not sufficient. You cannot incorporate that page by reference. As a matter of fact, the page was not even referenced on the face of the summons. Well, there are a couple of pages that follow something about how to save your home. And then I assume that's the same language on another page in Spanish. But it doesn't say exhibit anywhere. Right, it doesn't. And it's not referenced on the face of the complaint anywhere. And again, as I stated earlier, I for sure don't even know if the defendant saw that page to begin with. So it is our argument that the defect on the face of the summons in not naming the defendant meant that there was no summons issued against the defendant. And there was never any suit lawfully commenced against the defendant. Accordingly, the circuit court did not acquire jurisdiction over the defendant. And all orders entered against the defendant are void. And for those reasons, we respectfully ask that this court reverse the decision of the circuit court that tonight or petition to quash. Thank you. Thank you. Mr. Calero. Yes. Good afternoon, Your Honors. Good afternoon, Counsel. Ellie Calero on behalf of the plaintiff. There's a couple of things that I believe are being oversimplified by opposing counsel, both in the briefs and in the argument that was made before you just now. And the issue, I think, would be better served if we break this down a bit. First, there's a question as to the form of the summons versus the method of service. A lot of the cases cited by the defendant and the law and the arguments raised by the defendant now and in the brief are requiring strict adherence to the method of service. The method of service is separate and distinct from the issue of the form of the summons. The second district briefly addressed the issue of the summons in Charter Bank and Trust Illinois v. Novak, in which the court discussed the objectives of the service of summons. The service of summons is to do two things, to notify the defendants of the pending action and to prepare them to appear and defend. That's the first of the two things. Secondly, the summons is intended to vest jurisdiction in the court. I believe the counsel for the defendant stated that the summons and the complaint should be treated as separate and distinct. That's simply not the case. With a complaint, a complaint without a summons brings nobody to court. You have a piece of paper, a document, a cause of action, nothing that's enforceable, nothing that can compel the sheriff or the court's power to address any of the issues that are before it. So I think once you address the – once we look at the issue of what's before this court, whether it's the form of the summons versus the method of service, a couple of things that I'm kind of going to bounce around here. I'm not really challenging the method of summons. I'm agreeing, Your Honor. The only reason that I bring that up is a lot of the cases that are cited, especially in the brief, are stating that strict compliance must be adhered to, but those are addressing the method of service. Before you go on from that point, is that really the case here? Because, again, looking at the Supreme Court case of Sorsch v. Fireside-Chrysler-Plymouth, which he quotes, and I have to give you this quote. The Supreme Court stated that a summons which does not name – does not name a party on its face is no summons at all. And that's pretty specific. In this case, the summons did not specifically name the defendant. Correct? Correct. So my question is, the challenge is, how do we get around that statement by the Illinois Supreme Court? Could you repeat the case, Your Honor? I apologize. Sorsch, S-C-H-O-R-S-C-H, it's in the brief, versus Fireside-Chrysler-Plymouth, Mazda, 172 – excuse me, that's not – I'm sorry. It's the Ohio Millers Mutual Insurance Company is the case, 367 Illinois 44 that makes that statement. Your Honor – It's an Illinois Supreme Court case, and that's the quote from the case. I believe that there's a little something that's left out of that case in the quote. In particular, the Ohio Millers case is distinguishable. First off, the Ohio Millers case involves a situation in which 300 defendants were named – were not named. There's 300 defendants in a case, only one of them was named. So in this situation, the summons and the complaint only listed one defendant. They attacked service on that basis. But if you actually look at the verbiage that's quoted, it seems to me, and the position that I'm taking, is that it's saying a summons is defective if the defendant is not named and where the summons fails to notify the defendants to appear. In that situation, the failure to appear is what triggered the court's action and the Supreme Court in making its holding. But they did say name a person on its face. I mean, that's the statement. Correct. If the summons doesn't name a person at its face, how do you get past that to get into any other considerations? Well, I apologize. Sorry. No, I was just going to follow up with you. It seems to me, from what you read, there's a dual requirement there. Correct. Why don't you finish up there since you have it in front of you? The way the case – the way I'm reading the case, it's more or less of a two-prong test. That the summons will be defective if it doesn't name the defendant on its face and if it doesn't give notice – the summons fails to notify the defendants to appear. That was, I think, a bigger issue in that case. Yes, they weren't named. 3,000 people – over 3,000 people were not named on the summons or the complaint. But the problem there was none of those people without – were given any notice to appear. And I think that is the bigger – that's what distinguishes that case. Well, the Supreme Court has often taken and to mean or or may to mean shall, depending upon the circumstance. I don't – and what you said here, the word was and. I don't think they've ever said this and means or. So you would have to meet both conditions, that they were properly named and they were notified to appear in court. So in our case, I think we agree that she was given notification because she was served. But because her name was not there, she – the summons did not meet both of its goals. I think that in reading that, it's – summons is no summons at all if. So it's no summons at all if the parties aren't named on the face and they're not given notice. All right. So if you don't have both qualifications met, it's no summons at all. Think about what you're saying. If you have to have two requirements to invalidate a conviction. I see where you're coming from, Judge. And you're missing one of them, you can't have it. I see where you're coming from, Judge. I mean, even if I give you your due that you need something beyond that, you know, if one of them is not present, it's not. But here's the other thing that I want you to respond to. Supreme Court Rule 131, and that was in effect and was put in effect less – well, about two years ago. It says pertaining to pleadings and other papers provides that in cases where there are multiple parties, it is sufficient in entitling papers except a summons to name the first name plaintiff. So they're carving out – I mean, they're talking about the summons having special meaning here in providing notice to a defendant. Why would they carve out to make an exception for a summons when you would only have to name the first name plaintiff and defendant with the usual indication of other parties? Why would they carve that out if it wasn't that significant and you could get around it with the service of other papers? I don't necessarily disagree that it's not. And I think that the state of the law is in question and that issue is what's present before the court. But I guess what I'm trying to get at is they – it doesn't state that summons is going to be defective if it's not. It's just saying the proper method of service would be to include the parties, not use it at all in the summons. Now, if I kind of take you back, this is all kind of going around back to that – the second district case. Yes. And in that case, the court stressed, the second district stressed, and this is in 1991, the second district stressed that when evaluating a summons, the court should construe the summons liberally and not evaluate form over substance. So in this situation, I think that – I think the situation applies. Where it may not explicitly comply with the requirements that are being read, it shouldn't invalidate the summons. Well, how then should the process server know who to serve? The process server would have the list. Always? Yes. Is that required by law? I believe it's in Rule 101A, but I could be wrong. It provides the form of the summons, but I don't – does it say that it has to be given to the process server? It doesn't say that it has to be given to the process server, but it says that it shall bear the address and telephone number of the – oh, I'm sorry. It says it shall – It should be directed to each defendant. And so that's my question. If – and counsel's made a point that she does not know from looking at the record if this document that says at the bottom thank you and says defendants to be served was actually attached, is part of, was intended as an exhibit, because there's nothing on the face of the summons other than the – clearly the name of the attorney and a phone number and an address. The deputy clerk signed it, and it says Isaias Perez et al. I mean, for all that process server knew, they could have served me. They didn't, but they could have served me if I happened to be standing at the wrong place at the wrong time. And I certainly don't have an interest in this property. So how is the process server to know? Well, the process server would serve the parties that are listed on the summons – or I'm sorry, on the service list. Yes, they would. On the service list. But I think – I think if you actually look at 101D and you take a look at the committee note to 101D, there is a requirement that the summons reference and incorporate the complaint and a reference that it be attached. So if you read everything together, you have a – you have a summons, which is directing parties to appear in court. You have a complaint, which is directing allegations to specific defendants. And you look at the list. Everything is pieced together. If a party is served – if a party is served and they are named on the complaint, which is incorporated by reference and becomes a part of the summons, they would be directed to appear in court based on that summons. Here's the problem that I'm having with the argument, but at least consider this. What you say has some intuitive appeal, but you have the issue of a policy consideration, a bright-line ruling. If you go with the summons is required to name the defendant on its face, and that's the rule, everybody knows the rule, and you don't have exceptions. If you start carving out exceptions to that rule, where's it going to end? Well, in this – and how would – let me ask you a question related to that. How does the defendant know, then, to eliminate confusion? You're a defendant. You get served. Well, I got this paper. Here it says I'm in it. I got the summons. This doesn't have me in it. I mean, it's going to lead to all sorts of chaos. Isn't there an advantage to having a bright-line ruling? You don't have it on the face of the summons. Start over. I think the same could be true in reverse, then, Your Honor. For any situation in which the summons is not – the summons uses it at all, whether it be 5 years, 10 years, 20 years ago, those cases could all be re-litigated, and the court could be flooded with an influx of cases in which the defendants are coming and saying service is improper. Well, there's time limitations. Boy, you're probably right. But how hard is it to name a defendant on the face of a summons? Is that hard at all to do? It's not, Your Honor. And if it was done, we wouldn't be here, right? Correct. Okay. What is the meaning, however, of the language in subsection D, and shall be in substantially the following form? What does that substantially mean? What does it refer to? What type of situation? It's just setting up a form for the summons. The defendant seems to believe that it has to name them on the face. There's nowhere on there that it says that the defendants need be named and must be named. I believe it says all defendants, naming all defendants. It doesn't say mandatory to name all defendants. It's just a form to be generated and used. Again, it is a guideline. Similar to other issues in the IMFL. For example, every foreclosure complaint is protected by 1504. And 1504 sets the standard, and there has to be substantial compliance. This wouldn't be any different. It's just the template of the form to be used, and they're requiring that it be in a same or similar, substantially the same as the other. So it doesn't say exactly. Correct, Judge. Well, I guess if you got the name of the clerk wrong, although you're in the right county, that might be okay. And it's fine. It shall be dated on the date it was issued. It was. Shall be directed to each defendant and shall bear the address and telephone number of the plaintiff as his attorney. Does, at all, in this situation, tell our defendant here, our unnamed defendant in the summons, that she needs to answer or otherwise be held in default, that the law has certain issues related to foreclosure, and she needs to acquaint herself with those, and she needs to get an answer in by a certain date. Does any of that tell her on this summons that those are her obligations once she's served? It doesn't specifically. The form of the summons doesn't specifically. It's not specifically addressed to each defendant. But, again, I think the argument to be made here is that the summons and the complaint need to be read. So if you're reading the summons, it's directing the defendants. The language is general. It's directing defendants to appear and everything else, and you have the complaint attached in which you are named. In that situation, the defendant that's named in that complaint is directed to comply with the summons as sent. Well, you didn't apparently prepare the summons, but was there a presumption that these two people were husband and wife and, therefore, just naming the one was sufficient? I can't speak as to that. That was before I was at the firm. I know that this isn't a policy that we abide by. In order to avoid a situation like this, we ensure that all parties are named. That would be the better practice, you're saying. However, you're still maintaining your argument that it's sufficient here. Although, the better practice, you're saying, would be to name the party on the summons, obviously. Yes. Thank you. Any other questions for this? No. Okay. All right. Thank you. Thank you for your hearing, counsel. All right. Ms. Chavez. Just a few points on rebuttal, Your Honor. I believe Stanton is trying to belittle the defendant's argument that the form of the summons is important. Our Supreme Court, in the Ohio Miller's case, did state, did hold that where the law expressly directs that the process shall be in a specific form and issued in a particular manner, such provision is mandatory and a failure to comply with the law will render the process void. But we could argue, and it could be argued, that that's not what we have here, indeed, because of the wording substantially. And as, again, Your Honor, because there are other rules and case law that supports the position that, in terms of naming the defendant, that is a specific requirement that must be satisfied. I believe that those other rules, I mean, address that. Sure. Right. Well, many of the cases that you do cite, and counsel is correct, do reflect the form of service or that service never happened because of this possible problem with the summons. Here, we have service. We don't have an appearance. We don't have any submission to the trial court. But we have summons served. And that hasn't necessarily been challenged, to my knowledge, in the trial court. Right. So we have the proper return of service. So since she was notified or given, and we assume she was given the summons and the complaint at the same time because that's what the process server, I think, is told to do right here. That's the one thing that is here, to the server, to the officer, I think it says. Right. And how the summons is returned. We know that she had notice. What could be more substantial compliance? Right. I know what your answer is going to be, but that's my philosophical question here. Right. Exactly, Your Honor. Because my response is that it's not substantial compliance, but it's strict compliance, as our Supreme Court has held in Sarkissian v. Chicago Board of Education. That's for compliance with the statutes, or here are the statutes slash the rules. Governing service of process is required before court will acquire jurisdiction over the defendant. And again, I know that it might appear to be insubstantial or just a mere technical defect, but as I previously stated at this fair court, has followed our Supreme Court's holding, and the weight of Illinois law is clear to the contrary that defects in the service of process are neither technical nor insubstantial. So the fact that we have the Supreme Court rules that state specifically provide that each defendant must be named on the summons, and in this case it is clear no one is arguing against that, that the defendant was indeed not named on the face of the summons. We do not have strict compliance. The summons, there was no summons that was issued against the defendant. Therefore, service of process was improper. You know, I think this would be before both your and counsel's time. When I first came to the court, there was some issue about in administrative review cases, you had to name each and every person who was on the administrative board. We often misspelled their names, but misspelling wasn't a problem as long as you could identify that you were looking at this person. Well, as a result of that, we dismissed a lot of cases for lack of proper jurisdiction. And the Supreme Court changed that rule so that they don't have to be, everybody doesn't have to be specifically identified. Has the Supreme Court changed this particular rule in any way within, say, the last 10 years? The, which one of the rules, Your Honor, there is? 101A or D. Oh. The form or the actual. I am not, I'm not certain, Your Honor, that there has been any change. But I know specifically that how our interpretation is what it is now. So I'm assuming if it becomes a problem, then the Supreme Court will address it at some later date. Okay. Thank you very much for your argument. Thanks, Your Honor. Thank you both this morning for arguing. We appreciate your time and your effort. We will take the matter under advisement. We will issue a decision in due course. And we are now standing adjourned for the day. Thank you.